# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IDRIS ABDUS SABER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-3526** |
| | : | |
| **WELLS FARGO BANK, N.A.,** *et al.*, | : | |
| Defendant. | : | |
| **IDRIS ABDUS SABER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-3527** |
| | : | |
| **WELLS FARGO BANK, N.A.,** *et al.*, | : | |
| Defendant. | : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                         **AUGUST    , 2019**

Idris Abdus-Saber simultaneously filed a notice to remove a state foreclosure proceeding to this Court and filed a related civil action against Wells Fargo Bank, N.A. ("Wells Fargo") and the Philadelphia Court of Common Pleas. Both cases concern a Sheriff's sale scheduled in a mortgage foreclosure action initiated against Abdus-Saber by Wells Fargo in the Philadelphia Court of Common Pleas. Abdus-Saber seeks leave to proceed *in forma pauperis* in both cases. For the following reasons, the Court will grant Abdus-Saber leave to proceed *in forma pauperis*, dismiss his Complaint, and remand the removed case to state court.

## I. FACTS[1]

### A. The Foreclosure Proceeding

On March 9, 2015, Wells Fargo filed a mortgage foreclosure complaint against Abdus-Saber in the Philadelphia Court of Common Pleas in connection with property at 147 Harvey Street in Philadelphia. *Wells Fargo Bank, N.A. v. Abdus-Saber*, Case ID 150301131 (Phila. Court of Common Pleas). In October of 2016, the state court found in favor of Wells Fargo. *Id.* Abus-Saber's post trial motion was unsuccessful. In November of 2016, Abdus-Saber attempted to remove the case to this Court by invoking the Court's federal question jurisdiction. *Wells Fargo Bank N.A. v. Abdus-Saber*, Civ. A. No. 16-5785 (E.D. Pa.). The case was quickly remanded to the Philadelphia Court of Common Pleas for lack of subject matter jurisdiction because Abdus-Saber's intention to raise claims under the Fair Debt Collection Practices Act ("FDCPA") did not provide a basis for removal. *Id.* (Nov. 18, 2016 Order, ECF No. 2).

A Sheriff's sale of the property was scheduled and continued multiple times. On July 15, 2019, Abdus-Saber filed a "petition for payment into court," apparently in an effort to satisfy the judgment against him, and the state court scheduled a hearing for August 28 on that petition. However, a Sheriff's sale was scheduled for August 6, 2019. Abdus-Saber moved in state court to postpone the sale, but his motion was denied on August 2, 2019. On the date the property was set to be sold, he filed a notice of removal, which was docketed as *Wells Fargo Bank N.A. v. Abdus-Saber*, Civ. A. No. 19-3527, and a Complaint against Wells Fargo and the Philadelphia Court of Common Pleas, which was docketed as *Abdus-Saber v. Wells Fargo Bank N.A.*, Civ. A. No. 19-3526. On the same day, the state court issued an order postponing the Sheriff's sale until

---

[1] The following facts are taken from Abdus-Saber's pleadings and public dockets.

September 10, 2019. *See Wells Fargo Bank, N.A. v. Abdus-Saber*, Case ID 150301131 (Phila. Court of Common Pleas).

## B. Civil Action Number 19-3526

In Civil Action Number 19-3526, Abdus-Saber indicates that he is bringing claims under the FDCPA in connection with recent events in the foreclosure action.[2] Specifically, he alleges that Wells Fargo and the Philadelphia Court of Common Pleas violated the FDCPA by "not immediately cancelling the [August 6] Sheriff sale" even though he filed a petition for payment into court on July 15 and a hearing was scheduled for August 28 on that petition. (Compl. at 15.)[3] He also alleges that he paid a bond to the state court to satisfy the judgment against him on July 15 and that he tried to submit payment a second time on August 5, but his payment was refused. Abdus-Saber adds that his due process rights were violated by the denial of his motion

---

[2] This is not the first time Abdus-Saber has been in federal court with regard to the underlying mortgage action. In addition to his 2016 attempt at removal, discussed above, he previously filed two civil cases. The first, submitted in January 2017, claimed that Wells Fargo violated the FDCPA in connection with the 2015 foreclosure action. *Abdus-Saber v. Wells Fargo Bank, N.A.*, Civ. A. No. 17-108 (E.D. Pa.). His motion to proceed *in forma pauperis* was denied without prejudice and he abandoned the case. In September 2018, Abdus-Saber filed a second case, which attempted to raise claims based on his underlying mortgage loan. *Abdus-Saber v. Wells Fargo Home Mortgage*, Civ. A. No. 18-4149 (E.D. Pa.). The Court dismissed the Complaint without prejudice because it failed to state a clear claim and ultimately dismissed the case without prejudice for failure to prosecute because Abdus-Saber failed to file an amended complaint.

     A search of public dockets reflects that Abdus-Saber also previously sued Wells Fargo in state court. In December 2017 he sued Wells Fargo in a real estate action concerning title to the property at issue in the foreclosure action. *Abdus-Saber v. Wells Fargo*, Case ID 171204123 (Phila. Court. of Common Pleas). On January 25, 2018, the case was dismissed for failure to state a claim. *Id.* In July 2018, Abdus-Saber filed a new complaint against Wells Fargo, which was dismissed two days after it was filed for failure to state a claim. *Abdus-Saber v. Wells Fargo*, Case ID 180700988 (Phila. Court of Common Pleas).

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system. Although the Complaint refers to exhibits, Abdus-Saber did not attach those exhibits to his filings.

for a stay of the Sheriff's sale. Among other things, he seeks damages and an injunction "to set aside Sheriff sale of property 147 Harvey Street." (*Id.*) He also asks the Court to review the state court's docket and conclude that the judgment has been satisfied.

### C. Civil Action Number 19-3527

Abdus-Saber's Notice of Removal is essentially the same as his Complaint in Civil Action Number 19-3526. Although the Court understands Abdus-Saber to be intending to remove the underlying foreclosure action, he attached the same typed Complaint to his Notice of Removal that serves the basis for his claims in 19-3526. Abdus-Saber did not include "a copy of all process, pleadings, and orders served upon [him]" in the underlying mortgage foreclosure action as required by 28 U.S.C. § 1446(a).

Abdus-Saber also filed a Motion for an "Emergency Injunction From a Pending Foreclosure Sale" in which he sought to enjoin the August 6 Sheriff's sale on the basis that he submitted a bond to the prothonotary on August 5. (Civ. A. No. 19-3527, ECF No. 3.) The Honorable Nitza I. Quiñones Alejandro, serving in her capacity as emergency judge, denied the Motion as moot because the state court had already postponed the Sheriff's sale. (*See id.* ECF No. 5.)

### II. STANDARD OF REVIEW

Abdus-Saber is granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence these civil actions. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The removal statute similarly requires remand if a Court concludes that subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c). As Abdus-Saber is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. The Removal Action, Civil Action Number 19-3527

The basis upon which Abdus-Saber seeks to remove his underlying case appears to be this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441 based on his FDCPA allegations. A defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). However, "[i]n order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). In contrast, a defendant's intention to raise federal defenses to the claims against him does not establish a basis for removal. *See Bracken v. Matgouranis*, 296 F.3d 160, 163-64 (3d Cir. 2002).

Abdus-Saber did not attach a copy of the complaint in the mortgage foreclosure case to his Notice of Removal. However, he attached it to the prior Notice of Removal that he filed. *See Wells Fargo Bank N.A. v. Abdus-Saber*, Civ. A. No. 16-5785 (ECF No. 3.) Wells Fargo's complaint in mortgage foreclosure does not reveal any federal questions on its face. Accordingly, Abdus-Saber's assertion of violations of federal law as an apparent defense to that

5

complaint does not establish a basis for removal.[4]  *See Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015).  The Court will therefore remand Civil Action Number 19-3527 to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

### B. Abdus-Saber's New Complaint, Civil Action Number 19-3526

Abdus-Saber's Complaint in Civil Action Number 19-3526 is also predicated upon the FDCPA which, in general, prohibits debt collectors from making false, deceptive, or misleading representations to collect a debt or using unfair or unconscionable means to collect or attempt to collect a debt.[5]  *See* 15 U.S.C. §§ 1692e & 1692f.  The Court understands Abdus-Saber to be alleging as the basis for his FDCPA claim that the state court initially denied his motion to postpone the Sheriff's sale scheduled for August 6, 2019 and that Wells Fargo, accordingly, planned to go ahead with the sale, even though he had a hearing scheduled for August 28, 2019 on his "petition for payment into the court."  As noted above, the state court granted a second motion filed by Abdus-Saber and postponed the sale until September 10, 2019.

To the extent Abdus-Saber sought an injunction prohibiting the Sheriff's sale scheduled for August 6, his request is moot because that sale was canceled.  In any event, private litigants are limited to a damages remedy under the FDCPA.  *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S.

---

[4] If Abdus-Saber intended to invoke this Court's diversity jurisdiction 28 U.S.C. § 1332 as a basis for removing his case, he did not plead sufficient information to provide a basis for the Court's exercise of subject matter jurisdiction.

[5] At one point, the Complaint alludes to an alleged breach of contract.  However, the Complaint does not provide any additional information about the nature of any contract, the parties to any contract, or provisions of a contract were allegedly breached.  Accordingly, there is no plausible basis for a breach of contract claim here.  Furthermore, the Court does not understand Abdus-Saber to be raising claims based on the initiation of the foreclosure proceeding itself or based on events that occurred prior to July of 2019.

Ct. 663 (2016); *see also Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA."). Accordingly, Abdus-Saber is not entitled to any injunctive relief relating to the foreclosure proceedings in state court based on alleged violations of the FDCPA.[6]

In any event, Abdus-Saber's claims against the Philadelphia Court of Common Pleas are barred by Eleventh Amendment immunity. The Eleventh Amendment precludes suits against non-consenting states in federal court. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) ("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States.") The Philadelphia Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Abdus-Saber's FDCPA claims against the Philadelphia Court of Common Pleas are barred by the

---

[6] In any event, pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Several district courts in this circuit have held that the Anti-Injunction Act precludes a federal court from enjoining state court foreclosure proceedings. *See, e.g., Rose v. Bank of New York Mellon*, Civ. A. No. 18-2530, 2018 WL 3068316, at *3 (E.D. Pa. June 21, 2018) ("The Anti-Injunction Act, however, prohibits [t]his Court from enjoining the sheriff's sale."); *Lightfoot v. Bank of New York Mellon*, Civ. A. No. 17-1284, 2017 WL 4151171, at *3 (M.D. Pa. Sept. 19, 2017) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute." (internal quotations omitted)); *Coppedge v. Conway*, Civ. A. No. 14-1477-GMS, 2015 WL 168839, at **1-2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); *Mason v. Bank of Am.*, N.A., Civ. A. No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act."). Thus, the Anti-Injunction Act provides another reason why this Court cannot enjoin any impending sheriff's sales that may be scheduled by the state court, assuming that Abdus-Saber is requesting such relief.

Eleventh Amendment.[7] *See Crimone v. McCabe, Weisberg & Conway, P.C.*, Civ. A. No. 14-00808, 2015 WL 3967825, at *7 (W.D. Pa. June 30, 2015) (concluding that FDCPA claims brought against state judge in his official capacity were barred by the Eleventh Amendment), *aff'd sub nom. Crimone v. Nationstar Mortg., LLC*, 634 F. App'x 375 (3d Cir. 2016); *Sorrell v. Illinois Student Assistance Comm'n*, 314 F. Supp. 2d 813, 817 (C.D. Ill. 2004) ("Because the State of Illinois has not waived its sovereign immunity, and Congress has not unequivocally expressed an intent to abrogate the State's immunity, this Court holds as a matter of law that the Plaintiff's claims pursuant to the FDCPA are barred by the Eleventh Amendment." (citing *Codar, Inc. v. State of Arizona*, 168 F.3d 498 (9th Cir. 1999) (unpublished table disposition))); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, Abdus-Saber may not proceed on his FDCPA claims against the Philadelphia Court of Common Pleas.

The only claims that remain are Abdus-Saber's FDCPA claims for damages against Wells Fargo. However, Abdus-Saber's Complaint is based almost entirely on actions taken by the state court, rather than Wells Fargo. All Wells Fargo is alleged to have done is to "threaten[] to sell [Abdus-Saber's] premises on August 6, 2019 through a Philadelphia County Sheriff Foreclosure sale." (Compl. at 12.) However, Abdus-Saber's allegations and the public docket make clear that Wells Fargo had obtained a judgment against Abdus-Saber and was permitted by

---

[7] To the extent Abdus-Saber's Complaint could be understood to assert a due process claim pursuant to 42 U.S.C. § 1983 based on the state court's August 2 order declining to postpone the Sheriff's sale, the Eleventh Amendment precludes that claim as well. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision).

court order to proceed with the sale until the state court postponed the sale on August 6. In other words, Wells Fargo had permission to proceed with the Sheriff's sale. Accordingly, Abdus-Saber's allegations do not allege a plausible basis for a claim under the FDCPA because he does not allege that Wells Fargo engaged in any false, misleading, unfair, or unconscionable attempts to collect a debt.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Abdus-Saber's Complaint in Civil Action Number 19-3526 and remand Civil Action Number 19-3527 to the Philadelphia Court of Common Pleas. Abdus-Saber will not be given leave to amend because it appears that amendment would be futile. In that regard, the Court notes that Abdus-Saber is not entitled to any injunctive relief, he cannot bring FDCPA claims against the state court, and the conduct that provides the basis for his claims against Wells Fargo does not support a FDCPA claim. An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**